## PETERS v. HANGER.

(Circuit Court of Appeals, Fourth Circuit. March 8, 1905.)

### No. 503.

CIRCUIT COURTS OF APPEALS—LEGAL CONSTITUTION—SITTING OF DISTRICT JUDGES.

> Under section 3 of the act of March 3, 1891, creating the Circuit Courts of Appeals (chapter 517, 26 Stat. 827 [U. S. Comp. St. 1901, p. 548]), in the absence of the Chief Justice or an Associate Justice of the Supreme Court or of a Circuit Judge, such court is legally constituted where made up by three District Judges of the circuit, regularly designated by particular assignments to attend as members for the term.
>
> Pritchard, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Eastern District of Virginia.

On Motion of Plaintiff in Error to Set Aside Judgment.

See 134 Fed. 586.

W. H. Singleton (H. M. Smith, Jr., and Charles E. Riordon, on the briefs), for plaintiff in error.

James Alston Cabell (Philip Mauro, on the briefs), for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

GOFF, Circuit Judge. On the 23d day of May, 1904, this cause, a writ of error to the Circuit Court of the United States for the Eastern District of Virginia, was argued and submitted to District Judges Brawley, Purnell, and McDowell, then regularly attending as members of this court, neither the Chief Justice nor a Circuit Judge being present. At that time the vacancy caused by the death of Circuit Judge Simonton had not been filled. The court so constituted, speaking through Judge McDowell, on the 15th day of November, 1904, filed an opinion disposing of the questions raised by the assignments of error, and affirming the judgment complained of. The plaintiff in error duly presented a petition for a rehearing, and also filed a motion to set aside the judgment of affirmance. The petition for a rehearing having been considered and denied, the motion to set aside said judgment remains to be now disposed of.

It is insisted by the plaintiff in error that the court which rendered the decision mentioned was not legally constituted; that is, that it did not have the proper personnel. The act of Congress approved March 3, 1891, c. 517, 26 Stat. 827 [U. S. Comp. St. 1901, p. 548], creating this court, in the third section thereof provides as follows:

"In case the Chief Justice or an Associate Justice of the Supreme Court should attend at any session of the Circuit Court of Appeals he shall preside, and the Circuit Judges in attendance upon the court in the absence of the Chief Justice or Associate Justice of the Supreme Court shall preside in the order of the seniority of their respective commissions.

"In case the full court at any time shall not be made up by the attendance of the Chief Justice or an Associate Justice of the Supreme Court and Cir-

cuit Judges, one or more District Judges within the Circuit shall be competent to sit in the court according to such order or provision among the District Judges as either by general or particular assignment shall be designated by the court:

"Provided, that no justice or judge before whom a cause or question may have been tried or heard in a District Court, or existing Circuit Court, shall sit on the trial or hearing of such cause or question in the Circuit Court of Appeals."

It appears that when this case was called for argument the Chief Justice was not in attendance, nor was a Circuit Judge present, but that at that time the court was made up of three District Judges of this circuit, who had been theretofore regularly designated by particular assignment to attend as members of this court for that term. We think that the court so constituted was authorized by the statute to hear and decide the case then submitted to it, it appearing that neither of the judges so hearing and deciding it had participated in the trial of said case in the court below.

In our judgment, the decision complained of, announced by the three District Judges so attending as members of this court, was the decision of the Circuit Court of Appeals of this Circuit, and the judgment based thereon will not be set aside.

Motion denied.

PRITCHARD, Circuit Judge. I dissent from this judgment on the ground that the court which heard the case was not properly constituted. The act creating the Circuit Court of Appeals does not, in my opinion, contain any provision which authorizes the court to be composed exclusively of District Judges, but, on the contrary, the act clearly indicates that it was the intention of Congress that either the Chief Justice, one of the Associate Justices, or one of the Circuit Judges should be present, and preside at each term of the court.